UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:06-cv-0382 OWW SMS |
| | ) | |
| Plaintiff, | ) | SCHEDULING CONFERENCE ORDER |
| | ) | AND ORDER STAYING ACTION |
| v. | ) | |
| | ) | |
| REAL PROPERTY LOCATED AT 6872 NORTH HASTON AVENUE, FRESNO, FRESNO COUNTY, CALIFORNIA, Aon: 410-293-082, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

I.  Date of Scheduling Conference.

August 24, 2006.

II. Appearances Of Counsel.

Stephanie Hamilton Birches, Esq., Assistant United States Attorney, appeared on behalf of Plaintiff.

Daniel Bacon, Esq., appeared on behalf of Gabriel Schoenstein. Daniel Bacon also appears in pro se as a claimant, claiming bona fide purchaser for value status under 18 U.S.C. § 983(d)(3)(A).

///

1

III. Summary of Pleadings.

1. This is an *in rem* civil forfeiture action. In its Verified Complaint for Forfeiture *In Rem*, the government alleges that the real property located at 6872 N. HASTEN Avenue, Fresno, Fresno County, California, AON: 410-293-98S (hereinafter the "Defendant real property"), was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841(a)(1), an offense punishable by more than one year's imprisonment and is therefore subject to forfeiture to the United states pursuant to 21 U.S.C. § 881(a)(7). The Defendant real property was posted with a copy of the Complaint and Notice of Complaint on May 3, 2006. On September 8, 2005, in a related case a Grand Jury in the Eastern District of California indicted Gabriel Schoenstein and others with violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(D) and 846 - Conspiracy to Distribute and to Possess With the Intent to Distribute Marijuana, among other drug-related violations. The criminal case is pending. Accordingly, Plaintiff seeks to forfeit the Defendant property pursuant to 21 U.S.C. § 881(a)(7).

2. On July 19, 2006, Daniel A. Bacon and Gabriel Schoenstein filed claims in this matter. Claimant Daniel A. Bacon alleges that he has an interest in the Defendant property of $100,000.00 secured by a Deed of Trust dated March 31, 2006, and recorded on April 3, 2006, in the Official Records of the County of Fresno, State of California. Claimant Gabriel Schoenstein alleges that he is the legal and equitable owner, as well as legal possessor and occupier of the Defendant real

1 | property located at 6872 North HASTEN Avenue, Fresno, California.
2 |     3. Potential Claimant Flagstar Bank was noticed of this action by certified mail on April 11, 2006. Plaintiff granted an extension to file claim and answer until July 3, 2006. Potential Claimant Flagstar Bank has not yet filed their claim and answer in this case.

    4. As of the date of the filing of this report, no other potential claimants have filed claims or answers with the court in this action.

IV. Orders Re Amendments To Pleadings.

    1. The parties do not anticipate filing any amendments to the pleadings at this time.

V. Factual Summary.

    A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1. It is uncontested that the Defendant real property located at 6872 North Hayston Avenue, Fresno, California, was posted on May 3, 2006, after a Verified Complaint for Forfeiture *In Rem* was filed with the court on April 5, 2006.

        2. It is uncontested that Gabriel Jedidiah Schoenstein was indicted under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 - Conspiracy to Manufacture, to Distribute and to Possess with the Intent to Distribute Marijuana, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2 - Manufacture of Marijuana and Aiding and Abetting, and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 860; 18 U.S.C. § 2 - Possession with Intent to Distribute Marijuana Near Secondary School, and Aiding and Abetting, along with other related charges.

**B. Contested Facts.**

1. Plaintiff contends the facts are as alleged in the Verified Complaint.

2. Claimant Schoenstein contends the facts do not support forfeiture of the subject property and in addition has alleged several affirmative defenses in his Answer.

3. Claimant Bacon contends the facts do not support forfeiture of the subject property and further that Claimant holds a valid Notice and Deed of Trust securing attorney fees in the sum of $100,000.00.

**VI. Legal Issues.**

**A. Uncontested.**

1. Jurisdiction exists under 28 U.S.C. §§ 1345 and 1344, and 21 U.S.C. § 881.

2. Venue is proper under 28 U.S.C. § 1395.

**B. Contested.**

1. At this time, the disputed legal issues are identified as whether Gabriel Schoenstein is the legal and equitable owner of the Defendant real property and whether the Defendant property is subject to forfeiture.

2. It is also disputed whether Claimant Bacon is a bona fide purchaser for value as required by 18 U.S.C. § 983(d)(3)(A).

**VII. Consent to Magistrate Judge Jurisdiction.**

1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

**VIII. Corporate Identification Statement.**

1. Any nongovernmental corporate party to any action in

this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.  Discovery Plan and Cut-Off Date.

    1.  The parties do not believe initial disclosures are necessary or appropriate.

    2.  The parties do not believe that non-retained percipient witness experts such as law enforcement officers need to be disclosed as experts, or reports produced, under FRCP Rule 26(a)(2) but agree that any expert "retained or specially employed" by either party shall be disclosed, and a report produced, in accordance with FRCP Rule 26(a)(2)(B).  The parties agree that, to the extent that drug evidence seized has been, or will be examined by an employee of any state, local, or federal agency, that production of the laboratory analysis, in the usual format provided to criminal Defendants, will satisfy the requirement of the production of a "report" under FRCP Rule 26(a)(2)(B).

    3.  The parties agree that Plaintiff shall disclose the identity of an expert "retained or specially employed" to provide expert testimony.

X.  Stay of Action.

    1.  The parties agree that this action shall be stayed pending outcome of the parallel criminal case involving Mr. Schoenstein and others.  The parties shall notify the Court upon

final disposition of the case as to Mr. Schoenstein.

    2.    We will set a settlement conference when the final case schedule is adopted.

    3.    The claimants have requested trial by jury. We will reserve 2 days for trial. No bifurcation is required.

XI. Related Cases.

    1.    This action is related to *U.S. v. David Crossley, et al.*, Case No. 1:05-cr-0315 OWW and *U.S. v. Real Property located at 4720 W. Donner Avenue, Fresno, Fresno County, California, APN: 311-492-29S*, Case No. 1:06-cv-0380 OWW SMS.

IT IS SO ORDERED.

Dated:   August 24, 2006             /s/ Oliver W. Wanger
emm0d6                               UNITED STATES DISTRICT JUDGE